UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PANTHERS CAPITAL, LLC,

                Plaintiff,

  -against-

JAR 259 FOOD CORP; OM VEGETABLE,
INC.; KAUR FARMS INC. d/b/a BADSHAH
FARMERS MARKET; A&S VEGETABLES
INC. d/b/a BADSHAH FARMERS MARKET;
and AMANDEEP SINGH,

                Defendants.
-----------------------------------------------------------X

REPORT AND
RECOMMENDATION
22 CV 2674 (DG)(RML)

LEVY, United States Magistrate Judge:

        By order dated October 28, 2022, the Honorable Diane Gujarati, United States District Judge, referred plaintiff's motion to remand to me for report and recommendation. For the reasons stated below, I respectfully recommend that the motion be denied and that this matter be referred to the Bankruptcy Court.

## BACKGROUND

        Plaintiff Panthers Capital, LLC ("plaintiff") commenced this breach of contract action in New York State Supreme Court, Kings County, on February 9, 2022 against five defendants: Jar 259 Food Corp., Om Vegetable, Inc., Kaur Farms Inc. d/b/a Badshah Farmers Market, A&S Vegetables Inc. d/b/a Badshah Farmers Market (collectively, the "merchant defendants"), and Amandeep Singh (together with the merchant defendants, "defendants"). (See Verified Complaint, dated Feb. 9, 2022 ("Compl."), Dkt. No. 1-1.) Defendant Jar 259 Food Corp., which filed a voluntary petition for Chapter 11 bankruptcy in the Bankruptcy Court for the Eastern District of New York on February 18, 2022, removed the case to this court on May 9, 2022 pursuant to 28 U.S.C. §§ 1441 and 1452, on the ground that the state court action is related

to the bankruptcy matter. (See Notice of Removal, dated May 9, 2022, Dkt. No. 1.) Plaintiff now seeks to remand the case back to state court, arguing that there is no relationship between the causes of action in the state court case and the bankruptcy matter, and at any rate, that judgment enforcement against Jar 259 Food Corp. "cannot occur because of the automatic stay imposed by Section 362 of the Bankruptcy Code, irrespective of whether this action is litigated in federal or state court." (Plaintiff's Memorandum of Law in Support of Motion to Remand, dated June 8, 2022 ("Pl.'s Mem."), Dkt. No. 7-3, at 1.) Jar 259 Food Corp. is the only defendant that has filed for bankruptcy relief, and plaintiff does not argue that it should be permitted to proceed with its claim against Jar 259 Food Corp. in the state court action. (Id. at 8.) Rather, plaintiff's position is that this action should be remanded to state court, or in the alternative, that the claims against the other four defendants should be severed and remanded to state court "so that it can adjudicate those garden-variety breach of contract claims." (Id.) Plaintiff acknowledges that a judgment in its favor against the other four defendants "would not allow Plaintiff to execute upon, or take any other actions with respect to, property of [Jar 259 Food Corp.'s] bankruptcy estate." (Id.)

This case arises out of a Secured Purchase Agreement (the "Purchase Agreement") entered into on December 30, 2021 between plaintiff and defendants, pursuant to which plaintiff purchased ten percent of the merchant defendants' total future accounts receivable up to $299,800 in exchange for an upfront purchase price of $200,000. (Purchase Agreement, Dkt. No. 1-1, at 12.) In connection with the Purchase Agreement, defendant Amandeep Singh, the owner of Jar 259 Food Corp.[1], executed a Guaranty of Performance in which he guaranteed the merchant defendants' obligations to plaintiff. (Id.) Plaintiff alleges that

---

[1] In his declaration, Singh describes himself as Jar 259 Food Corp.'s Vice President. (Declaration of Amandeep Singh, dated Feb. 18, 2022, Dkt. No. 9-1, ¶ 2.)

defendants breached the Purchase Agreement on January 5, 2022 by changing the designated bank account without plaintiff's authorization, placing a stop payment on plaintiff's debits to the account, and otherwise taking measures to interfere with plaintiff's ability to collect the future receivables. (Compl. ¶ 11.) Plaintiff's complaint contains no federal claims, and there is no diversity among the parties.

Jar 259 Food Corp. opposes the motion to remand. (See Declaration of James C. Vandermark, Esq., dated June 29, 2022 ("Vandermark Decl."), Dkt. No. 9.) It points out that on March 7, 2022, plaintiff filed a Proof of Claim with the Bankruptcy Court, asserting a claim for $274,102.00 based on the same claims set forth in the state court complaint – *i.e.*, that Jar 259 Food Corp. breached the Purchase Agreement. (See Vandermark Decl. ¶ 9; Proof of Claim, attached to the Vandermark Decl. as Ex. C, Dkt. No. 9-3.) It also states that on April 13, 2022, Jar 259 Food Corp. filed an adversary complaint in the Bankruptcy Court against plaintiff and others. (See Vandermark Decl., Ex. D, Dkt. No. 9-4.) In the adversary proceeding, Jar 259 Food Corp. asserts that the parties' agreement was not a purchase of future accounts receivable but rather a loan subject to usurious interest rates under state law. (See Notice of Removal ¶ 4.) It raises claims under New York law as well as claims that the transfers it made to plaintiff under the Purchase Agreement were preferential and/or fraudulent transfers under sections 544, 547 and 548 of the U.S. Bankruptcy Code. (Vandermark Decl., Ex. D.) Jar 259 Food Corp. argues that it filed the notice of removal "to avoid duplicative proceedings and bring all claims under the [Purchase] Agreement before the Bankruptcy Court." (Id. ¶ 12.) It opposes the motion to remand and requests instead "that the Court remove the case to the Bankruptcy Court." (Id. ¶ 14.)

## DISCUSSION

Pursuant to 28 U.S.C. § 1452(a), a party may remove any civil claim or cause of action to the district court for the district where the civil action is pending, if the district court has jurisdiction over the claim or cause of action under 28 U.S.C. § 1334. Section 1334, in turn, provides that district courts "shall have original and exclusive jurisdiction of all cases under title 11" of the United States Code, and "shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a), (b). Thus, under section 1334, district courts have subject matter jurisdiction when the proceedings are: (1) brought under title 11, (2) arising under title 11, (3) arising in a Title 11 case; and/or (4) related to a title 11 case. Lead I JV, LP v. North Fork Bank, 401 B.R. 571, 579 (E.D.N.Y. 2009). "Proceedings arising under the Bankruptcy Code are those that clearly invoke substantive rights created by federal bankruptcy law." In re Robert Plan Corp., 777 F.3d 594, 596 (2d Cir. 2015)(internal quotation marks omitted). A court's "arising in" jurisdiction "covers claims that are not based on any right expressly created by [the Bankruptcy Code], but nevertheless, would have no existence outside of the bankruptcy." Baker v. Simpson, 613 F.3d 346, 351 (2d Cir. 2010)(internal quotation marks omitted) (alteration in original).

The first three categories above are referred to as "core" bankruptcy proceedings. Robert Plan Corp., 777 F.3d at 596-97. The last category of "related to" jurisdiction grants jurisdiction to the federal court if the outcome of the litigation "might have any 'conceivable effect' on the bankruptcy estate," or would have "any significant connection with the bankrupt estate." In re Cuyahoga Equip. Corp., 980 F.2d 110, 114 (2d Cir. 1992)(citations omitted). "Related to" jurisdiction is "fairly capacious, and includes suits between third parties which have

4

an effect on the bankruptcy estate." SPV Osus Ltd. v. UBS AG, 882 F.3d 333, 340 (2d Cir. 2018) (internal citations and quotation marks omitted).

The difference between "core" Bankruptcy Code proceedings and proceedings that are "related to" a case pending under the Bankruptcy Code is significant because the latter are subject to mandatory abstention if they satisfy 28 U.S.C. § 1334(c)(2). See 28 U.S.C. § 1334(c)(2)("Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction."); see also Parmalat Cap. Fin. Ltd. v. Bank of Am. Corp., 639 F.3d 572, 579-80 (2d Cir. 2011). In other words, if this court finds that the instant case is merely related to bankruptcy, *i.e.*, is a non-core proceeding, and there is no other source of jurisdiction, then the doctrine of mandatory abstention requires that the court remand the case to state court, so long as the proceeding can be "timely adjudicated" in a state forum. See Mt. McKinley Ins. Co. v. Corning Inc., 399 F.3d 436, 447 (2d Cir. 2005)(holding that the mandatory abstention rule of 28 U.S.C. § 1334(c)(2) applies to cases removed pursuant to 28 U.S.C. § 1452); see also Cipollone v. Applestein, No. 20 CV 1614, 2022 WL 307051, at *2 (E.D.N.Y. Feb. 2, 2022) (holding that a federal court must abstain if: "(1) the motion to abstain is timely; (2) the action is based on a state law claim; (3) the action is 'related to' but not 'arising in' a bankruptcy case or 'arising under' the Bankruptcy Code; (4) section 1334 provides the sole basis for federal jurisdiction; (5) an action is commenced in state court; and (6) the action can be timely adjudicated in state court.")(citation omitted).

Even if a party has removed core bankruptcy proceedings to federal court, courts may voluntarily abstain from hearing those proceedings under certain circumstances. Section 1334(c)(1) permits a court to abstain "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1). Courts consider the following factors "[i]n deciding whether to permissibly abstain" under this section:

> (1) the effect or lack thereof on the efficient administration of the [bankruptcy] estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden [on the court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

Osuji v. HSBC Bank, U.S.A., N.A., 580 B.R. 605, 612 (E.D.N.Y. 2018). In addition, section 1452(b) provides another basis for abstention that applies specifically to removed cases, allowing a federal court to remand claims to state court "on any equitable ground." 28 U.S.C. § 1452(b). Courts consider a number of factors in deciding whether to remand under this section, including: (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants. Drexel Burnham Lambert Grp., Inc. v. Vigilant Ins. Co., 130 B.R. 405, 407 (S.D.N.Y. 1991). Since the permissive abstention and equitable remand factors overlap

6

significantly, "[t]he equitable remand analysis . . . is essentially the same as the Section 1334(c)(1) abstention analysis." In re WorldCom, Inc. Sec. Litig., 293 B.R. 308, 344 (S.D.N.Y. 2003); see also Certain Underwriters at Lloyd's, London v. ABB Lummus Glob., Inc., No. 03 CV 7248, 2004 WL 224505, at *8 (S.D.N.Y. Feb. 5, 2004)("the factors for equitable remand are virtually identical to the factors for discretionary abstention pursuant to § 1334(c)(1)."); Kerusa Co. LLC v. W10Z/515 Real Estate Ltd. P'ship, No. 04 CV 708, 2004 WL 1048239, at *3 (S.D.N.Y. May 7, 2004)("Courts in this district have treated the analysis under [permissive abstention and equitable remand] as essentially identical.").

Plaintiff urges this court to abstain from exercising bankruptcy jurisdiction on the ground that the instant action is a pre-petition state court action implicating exclusively state-law claims that can be adequately reviewed by the state court, and the sole basis for federal jurisdiction is the action's "relation to" a pending bankruptcy. (Pl.'s Mem. at 6-11.) In opposition, defendant Jar 259 Food Corp. argues that abstention is not mandatory because these are "core" proceedings for purposes of assessing the court's bankruptcy jurisdiction under 28 U.S.C. § 1334. (Vandermark Decl. ¶ 14)("[M]andatory abstention is inapplicable because [Jar 259 Food Corp.]'s objection to [plaintiff]'s claim by filing the adversary proceeding constitutes a core proceeding in the context of the Bankruptcy Code, which is directly connected to the outcome of the Adversary Proceeding."). As to the non-debtor defendants, Jar 259 Food Corp. contends that, given the relationship among the defendants, any assessment of the liability of one defendant would necessarily interfere with its bankruptcy estate. (See Jar 259 Food Corp.'s Memorandum of Law in Opposition to Panthers Capital, LLC's Motion to Remand, dated June 29, 2022 ("Def.'s Mem."), Dkt. No. 9-5, at 8.)

In analyzing whether a proceeding is core or non-core, "the Court must keep in mind that core proceedings cover a broad range of cases." In re Charter Comms., 409 B.R. 649, 654 (S.D.N.Y. 2009)(noting that courts consistently give an expansive interpretation to core proceedings). "If that test sounds subjective, that is because to a certain extent it is." Tailored Fund Cap LLC v. RWDY, Inc., No. 20 CV 762, 2020 WL 6343307, at *4 (N.D.N.Y. Oct. 29, 2020)(citing Cent. Vt. Pub. Serv. Corp. v. Herbert, 341 F.3d 186, 191 (2d Cir. 2003)(noting that the "distinction between core and non-core is somewhat subjective and contextual")). "Nevertheless, this much is obvious: if 'a creditor files a proof of claim, the bankruptcy court has core jurisdiction to determine that claim, even if it was a prepetition contract claim arising under state law.'" Id. (quoting S.G. Phillips Constructors, Inc. v. City of Burlington, 45 F.3d 702, 705 (2d Cir. 1995)(holding that the "determinative" factor to its holding that the plaintiff's claim was core was plaintiff's filing of a notice of claim in the bankruptcy court)). Conversely, if a plaintiff has not filed a notice of claim, and both the contract and the dispute around it arose before the debtor filed for bankruptcy, typically that claim is non-core. See Zohar CDO 2003-1, Ltd. v. Patriarch Partners, LLC, 620 B.R. 456, 464 (S.D.N.Y. 2020) (finding that dispute's arising before bankruptcy "weigh[ed] heavily against core status").

Here, plaintiff has filed a Proof of Claim, thereby converting this case into a core bankruptcy proceeding. See In re Millenium Seacarriers, Inc., 419 F.3d 83, 98 (2d Cir. 2005) (holding that parties that "submit proofs of claim and thereafter actively litigate in the bankruptcy court without contesting personal jurisdiction can transform a non-core proceeding into a core one."); see also Langenkamp v. Culp, 498 U.S. 42, 44 (1990)("[B]y filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting [it]self to the bankruptcy court's equitable power.")(quoting

8

Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 58-59 (1989)); Cent. Vt. Pub. Serv., 341 F.3d at 191-92 (explaining two theories underpinning transformation of non-core into core proceeding: "(1) the proof of claim transforms litigation into a core proceeding; and (2) by filing the proof of claim, the creditor consents to the bankruptcy court's broad equitable jurisdiction."). Since this is a core bankruptcy proceeding, the mandatory abstention doctrine does not apply.

Plaintiff argues that, if the court determines that mandatory abstention is not triggered in this case, "the discretionary abstention and equitable remand provisions contained in 28 U.S.C. §§ 1334(c)(1) & 1452(b), respectively, warrant abstention and/or remand of this case back to the State Court." (Pl.'s Mem. at 3-4; see also Pl.'s Mem. at 14-16.) It emphasizes that the instant action is based on state common law, the complaint was filed in state court before Jar 259 Food Corp. filed for bankruptcy, and the other four defendants are not parties to the bankruptcy proceeding. (Id. at 15-16.)

Jar 259 Food Corp. objects to discretionary abstention or equitable remand on the grounds that "the Bankruptcy Court is best suited to address the claims between the parties and a remand would lead to duplicative proceedings." (Def.'s Mem. at 12.) It argues that plaintiff's Proof of Claim asserts the same claims as its complaint in state court, and that the adversary proceeding will already require the Bankruptcy Court to determine the validity of the Purchase Agreement and any default by Jar 259 Food Corp. (Id. at 14.)

Jar 259 Food Corp. also objects to plaintiff's "attempt to recast the state court civil proceedings as holding separate and distinct claims" against the other defendants, which it describes as its "affiliates." (Id. at 1.) In the Purchase Agreement, Jar 259 Food Corp. is identified as the "Seller" and Amandeep Singh as the "Owner" and guarantor. (Purchase Agreement.) Singh's signature is the only one on the document representing the "Merchant," Jar

9

259 Food Corp. (Id.) Exhibit A to the Purchase Agreement is a "List of Additional Parties in Whose Assets Seller Has Granted Buyer a Blanket Security Interest." Those additional parties are the four merchant defendants. (Id., Ex. A.) In his declaration, submitted in connection with the bankruptcy matter, Singh states that he has an interest in and operates all four of the merchant defendants. (Declaration of Amandeep Singh, dated Feb. 18, 2022, Dkt. No. 9-1, ¶ 9.) Thus, all of the merchant defendants are interrelated and co-owned, and any ruling on the validity of the Purchase Agreement will affect Jar 259 Food Corp.'s adversary proceeding, in which it is seeking to avoid transfers made to plaintiff prior to the bankruptcy petition date.

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them" and generally should abstain only for a few "extraordinary and narrow exception[s]." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813, 817 (1976); see also Woodford v. Community Action Ctr., 239 F.3d 517, 522 (2d Cir. 2001). Accordingly, "[f]ederal courts should be sparing in their exercise of discretionary abstention" under 28 U.S.C. § 1334(c)(1). In re Texaco Inc., 182 B.R. 937, 946-47 (Bankr. S.D.N.Y. 1995). The party seeking remand bears the burden of establishing that either permissive abstention or equitable remand is appropriate. See CAMOFI Master LDC v. U.S. Coal Corp., 527 B.R. 138, 143 (Bankr. S.D.N.Y. 2015) (noting that party seeking remand bears the burden to establish that equitable remand is warranted); In re Residential Cap., LLC, 515 B.R. 52, 67 (Bankr. S.D.N.Y. 2014) (same for permissive abstention).

Here, the effect on the efficient administration of the bankruptcy estate weighs against remand, as allowing the removed claim to proceed in state court would potentially interfere with, or at least duplicate, the bankruptcy proceeding. See Kerusa Co. LLC, 2004 WL 1048239, at *4 ("The principal federal interest in any invocation of bankruptcy jurisdiction is in

10

the efficient administration of the underlying bankruptcy estate" and "this interest is typically listed first among the factors to be considered in deciding whether to exercise or refrain from exercising that jurisdiction."); see also In re WorldCom, 293 B.R. at 333.  Judicial efficiency would not be served by allowing a state court to determine the parties' rights and obligations under the Purchase Agreement while the same issues of law and fact are being adjudicated by a federal bankruptcy court in an adversary proceeding.  The state court has not been involved in this action since it was removed from state court shortly after it was filed, and there is little basis for the invocation of state comity concerns.  The state law issues in this case are not novel or complex and do not predominate over bankruptcy issues.  Plaintiff has not identified any prejudice it will suffer if the case is not remanded to state court and it is compelled to address its claims in the bankruptcy proceeding.  Finally, the interests of the non-debtor defendants are interrelated with those of Jar 259 Food Corp., such that the claims against the non-debtor defendants are not easily severable.  See Nemsa Establishment, S.A. v. Viral Testing Sys. Corp., No. 95 CV 0277, 1995 WL 489711, at *8 (S.D.N.Y. 1995)(declining to remand where non-debtor defendants were "inextricably intertwined" with debtor and its bankruptcy case and where remand would result in duplicative litigation).  Thus, plaintiff has not met its burden of demonstrating that discretionary abstention or equitable remand is warranted.

   For these reasons, I find that mandatory abstention pursuant to section 1334(c)(2) is not proper, and I respectfully recommend that this case be referred to the Bankruptcy Court for the Eastern District of New York and consolidated with the adversary proceeding pending there. (See Standing Order on the Referral of Matters to the Bankruptcy Judges, dated Dec. 5, 2012, https://www.nyed.uscourts.gov/content/2012-referral-matters-bankruptcy-judges.)

## CONCLUSION

For the reasons explained above, I respectfully recommend that plaintiff's motion to remand this case to state court be denied, and that this matter be referred to the Bankruptcy Court. Any objection to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days. Failure to file objections within the specified time period waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b), 6(a), 6(d).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
March 6, 2023